IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PORFIRIO P. JORQUE & EDITHA PALANCIA,<br><br>            Plaintiffs,<br>    v.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>            Defendants. | No. C 12-00005 RS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

Following a hearing at which pro se plaintiffs failed to appear, defendants' motion to dismiss was granted with leave to amend. Plaintiffs were instructed to file an amended complaint on or before April 12, 2012 or the case would be automatically dismissed with prejudice. Plaintiffs failed to meet this filing deadline and judgment was entered in defendants' favor. Pro se plaintiffs now make a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). They request that the Court reopen the case and permit them to file the first amended complaint attached to their submitted motion.

Under FRCP 60(b), a court may grant relief from judgment if a movant demonstrates, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; or (3) misconduct by the opposing party. *See* Fed. R. Civ. P. 60(b); *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). Here, plaintiffs insist they were never served with the Court order granting defendants' motion to dismiss and directing them to file an amended complaint by April 12, 2012. Accordingly, they argue that their failure to submit a timely amended

complaint constitutes excusable neglect and inadvertence. Plaintiffs have made a sufficient showing to warrant relief from the Court's dismissal. The judgment entered is hereby vacated and the case will be reopened. Plaintiffs are directed to file their first amended complaint on or before May 4, 2012. They are cautioned, however, that from this point they will be strictly held to the same standards and rules as those governing attorneys and represented parties. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding decision to dismiss pro se complaint for failure to comply with local rules).

IT IS SO ORDERED.

Dated: 4/27/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C
ORDER