IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PORFIRIO P. JORQUE & EDITHA PALANCIA,

    Plaintiffs,

  v.

AMERICAN BROKERS CONDUIT, et al.,

    Defendants.

No. C 12-00005 RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

## I. INTRODUCTION

Following a foreclosure sale of plaintiffs' home located at 30580 Meridien Circle, Union City, California 94587, plaintiffs Porfirio Jorque and Editha Palancia filed suit against American Brokers Conduit ("ABC"), Stewart Title, Power Default Services Inc. ("PDSI"), Deutsche Bank National Trust Co., American Home Mortgage Servicing Inc. ("AHMSI"), and Mortgage Electronic Registrations Systems Inc. ("MERS"). Neither ABC nor Stewart Title have been served or have otherwise appeared in this matter. The remaining defendants moved to dismiss the First Amended Complaint ("FAC") in its entirety pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). The motion was granted in part and denied in part. In response, plaintiffs filed a Second Amended

Complaint ("SAC"). Defendants' motion to dismiss was granted, with leave to amend. Plaintiffs have filed a Third Amended Complaint ("TAC"), which defendants again seek to dismiss in its entirety. Plaintiffs have failed to file an opposition to this motion. Pursuant to Civil Local Rule 7-1(b), this matter has been taken under submission and decided without oral argument. For the following reasons, defendants' motion is granted.

## II. RELEVANT FACTS[1]

In January 2007, plaintiffs obtained a mortgage loan in the amount of $720,000 from ABC, secured by a Deed of Trust against the Meridien Circle property. After two and half years, plaintiffs could no longer make their mortgage payments and a Notice of Default was recorded on September 11, 2009. Over the course of the next few months, the interest under the loan was assigned to MERS then to AHMSI then to Deutsche Bank. Deutsche Bank subsequently substituted PDSI as the foreclosure trustee and PDSI caused a Notice of Trustee's Sale to be recorded in December 2009. Prior to the foreclosure sale, plaintiffs' application for a loan modification was reviewed and denied. Consequently, PDSI recorded another Notice of Trustee's Sale on October 10, 2011. The following month, the property reverted to Deutsche Bank as the highest bidder at the foreclosure sale. Plaintiffs filed suit seeking damages and the rescission of their loan. Deutsche Bank, PDSI, AHMSI, and MERS thereafter jointly made a motion to dismiss the action which was granted with leave to amend. Plaintiffs filed a FAC and then a SAC, both of which were again dismissed with leave to amend. In response, plaintiffs filed a TAC asserting three claims for relief. The same defendants now move once again for dismissal of all claims, arguing plaintiffs have failed to address the deficiencies that existed in the SAC.

## III. LEGAL STANDARD

A. <u>Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)</u>

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts a plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal is appropriate

---

[1] These facts are drawn from the TAC which must be accepted as true for purposes of this motion.

NO. CV 12-00005 RS
ORDER

2

where a complaint lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).

To state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) further demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." This does not require "detailed factual allegations," but "demands more than an unadorned, the-defendant-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The tenet that allegations are construed in the light most favorable to the plaintiff does not apply, however, to bare legal conclusions. *Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Even where the plaintiff alleges something more than a bare legal conclusion, *Twombly* requires a statement of a plausible claim for relief. *Id.* at 544. Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint cannot survive a 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1950. While a document filed *pro se* is 'to be liberally construed,' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the *Iqbal-Twombly* pleading requirements must still ultimately be met.

B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). By

contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Moreover, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

## IV. DISCUSSION

### A. Claim One: Violation of California Business & Professions Code §17200

The California Business and Professions Code forbids unlawful, fraudulent, or unfair business practices. §§ 17200, *et seq*. A claim pursuant to this section must be "derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation. *Lamboy v. SCME Mortgage Bankers*, 2009 WL 1457738 at *7 (N.D. Cal. May 26, 2009). When a plaintiff asserts this claim against a business, they are held to an even higher pleading standard. *See Odinma v. Aurora Loan Services.*, No. C-09-4676 EDL, 2010 WL 2232169 (N.D. Cal. June 3, 2010) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations." (quoting *Tarnmann v. State Farm Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991))).

Plaintiffs base this claim in their TAC on the same four allegations as in their SAC: defendants' alleged wrongful foreclosure, wrongful loan origination, violation of California Civil Code §2923.5, and violation of plaintiffs' privacy. To proceed under §17200, plaintiffs must allege sufficient facts to sustain a claim under one of these theories.

As made clear in this Court's Order dismissing the SAC, a claim for wrongful foreclosure must be accompanied by tender or an offer of tender. Yet plaintiffs again fail to state they have tendered the amount owed to the owner of the Note. The majority of California courts recognize that a "valid and viable tender of payment of indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Savings and Loan Ass'n.*, 15 Cal. App. 3d 112, 117 (1971). *See also* Cal. Civ. Code §1632(k) (requiring that consumer claiming rescission

No. CV 12-00005 RS
ORDER

4

under §1632 "shall make restitution"). Because plaintiffs have not plead facts to support an inference of both a willingness and ability to pay, *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987), a §17200 claim cannot be premised on wrongful foreclosure.

With respect to a claim arising out of the loan origination, plaintiffs have again failed to plead any facts to support that defendants were present during loan origination or that they otherwise conspired with ABC to deceive plaintiffs. Without such evidence, defendants are not accountable for ensuring ABC's compliance with the law. Thus, a claim under §17200 cannot be premised on loan origination claims.

As discussed in the order dismissing the SAC, plaintiffs' allegations under §2923.5 sound in "inadequate" disclosures, not a failure to contact, and are therefore not covered by that provision. Plaintiffs have not asserted additional facts in their TAC to support a claim under §2923.5. Thus a claim under §17200 cannot be premised on a violation of this statute.

With respect to defendants' alleged violation of their privacy, plaintiffs have again failed to meet the heightened pleading requirements of a claim of fraud against a business. Consequently, a claim under §17200 cannot be premised on a violation of privacy claim.

Despite specific instructions in this Court's Order dismissing the SAC with leave to amend, plaintiffs have still not alleged with reasonable particularity any violation of law on which a claim under California Business and Professions Code §17200 may be maintained. Further, plaintiffs have failed to file an Opposition explaining how the minor changes made in the TAC addressed the concerns raised in the Order dismissing the SAC. Accordingly, Claim One is dismissed without leave to amend.

B. Claim Two: Violations of 24 F.R.C. §3500.10

In this Court's Order dismissing the SAC, plaintiffs were instructed to address equitable tolling of this statute. Otherwise, plaintiffs' claims under the Real Estate Settlement Procedures Act (RESPA) are time-barred. Plaintiffs have failed to assert any additional facts that speak to why the statute of limitations should be equitably tolled. Thus, Claim Two is dismissed without leave to amend.

C. Claim Three: Intentional Infliction of Emotional Distress

Despite this Court's clear instructions in its Order dismissing the SAC, plaintiffs have not plead any additional facts to illustrate that defendant's conduct was so extreme that it "exceeds all bounds" tolerated in civilized society. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Neither have plaintiffs put forth facts to establish that defendant's outrageous conduct caused such severe emotional distress that no reasonable person "in civilized society should be expected to endure it." *Id*. at 1051. It follows that Claim Three is dismissed without leave to amend.

V. CONCLUSION

Plaintiffs' first, second, and third claims are dismissed without leave to amend. The Clerk is instructed to close the case file.

IT IS SO ORDERED.

Dated: 12/3/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. CV 12-00005 RS
ORDER

6